UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS JEFFERSON,<br><br>  Plaintiff,<br><br>v.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC., D/B/A FRESENIUS MEDICAL CARE NORTH AMERICA et al.,<br><br>  Defendants. | Case No. 3:22-cv-00862<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## **MEMORANDUM ORDER**

This employment-discrimination action brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17, and 42 U.S.C. § 1981, arises out of pro se Plaintiff Dennis Jefferson's employment with Defendants Fresenius Medical Care Holdings, Inc., and National Medical Care, Inc. (Doc. No. 1.) This Memorandum Order addresses Jefferson's motion to compel discovery responses from the defendants (Doc. No. 31), which the defendants oppose (Doc. No. 32), and Jefferson's motion to ascertain the status of this case (Doc. No. 35).[1]

For the reasons that follow, Jefferson's motion to ascertain status will be granted and his motion to compel will be denied.

---

[1] Jefferson has also filed a motion (Doc. No. 28) asking the Court to reconsider the District Judge's August 28, 2023 order (Doc. No. 23) adopting the Magistrate Judge's August 7, 2023 report and recommendation (Doc. No. 22) and granting in part and denying in part the defendants' motion to dismiss Jefferson's complaint (Doc. No. 10). This Memorandum Order does not address Jefferson's motion for reconsideration.

I.      **Relevant Background**

Jefferson is an African-American man who lives in Nashville, Tennessee. (Doc. No. 1.) He alleges that he worked for the defendants as a User Security Administrator for more than nine years, beginning his employment as a contractor in January 2011 and accepting the defendants' offer of full-time employment in April 2013. (*Id.*) In 2017, Jefferson and several African-American co-workers filed a complaint in this Court under Title VII and § 1981, alleging that the defendants discriminated against them on the basis of race with respect to job assignments and promotions. (*Id.*) Jefferson alleges that the defendants continued to discriminate against him after he and his coworkers filed the 2017 action. (*Id.*) He also alleges that the defendants retaliated against him for filing the 2017 action by terminating his employment in July 2022 instead of allowing him to transfer to another position when they outsourced the jobs in his department. (*Id.*)

Jefferson initiated this action on October 25, 2022, by filing a complaint against the defendants alleging claims of racial discrimination and retaliation under Title VII and § 1981. (*Id.*) His complaint alleges discrimination claims arising before and after the 2017 action and retaliation claims arising after the 2017 action. (*Id.*)

The defendants moved to dismiss Jefferson's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted (Doc. No. 10), arguing that the doctrine of res judicata barred Jefferson's discrimination and retaliation claims and that Jefferson had failed to allege sufficient facts to support his retaliation claims (Doc. No. 11). Jefferson opposed the defendants' motion (Doc. No. 17), and the defendants filed a reply (Doc. No. 18).

On August 7, 2023, the Magistrate Judge entered a report and recommendation recommending that the Court grant in part and deny in part the defendants' motion to dismiss, dismissing Jefferson's discrimination claims but allowing his retaliation claims to proceed. (Doc.

No. 22.) The Magistrate Judge informed the parties that "[a]ny party has fourteen days after being served with this Report and Recommendation to file specific written objections" and that "[f]ailure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided." (*Id.* at PageID# 191.) On August 28, 2023, the District Judge found that "[n]o party filed an objection within 14 days as required . . . ." (Doc. No. 23, PageID# 192.) The District Judge adopted the Magistrate Judge's report and recommendation, dismissing Jefferson's discrimination claims and allowing his retaliation claims to proceed. (Doc. No. 23.)

The Magistrate Judge entered a scheduling order setting deadlines for the parties to file motions to amend the pleadings, conduct discovery, and file dispositive motions. (Doc. No. 24.) The District Judge entered an order setting trial and pre-trial conference dates. (Doc. No. 25.) The defendants filed an answer to Jefferson's complaint. (Doc. No. 26.)

On October 30, 2023—the deadline for filing motions for leave to amend the pleadings under the scheduling order (Doc. No. 24)—Jefferson filed a purported amended complaint asserting discrimination and retaliation claims against the defendants under Title VII and § 1981. (Doc. No. 27.) Jefferson did not file a separate motion for leave to amend. The defendants filed an answer to Jefferson's purported amended complaint, objecting that "this Court has already determined that [Jefferson's discrimination] claims are without merit." (Doc. No. 29, PageID# 240.)

On the same day that he filed his purported amended complaint, Jefferson filed a motion titled "Motion to Ascertain Court Defined Protected Behavior in Cause of Action" arguing that "[t]he court erred" in dismissing his discrimination claims and asking the Court to "please enter [an] order denying or granting [his] motion so [he] can appeal the record to have the Appellate

3

Court review" the Court's decision. (Doc. No. 28, PageID# 227, 229, 238.) The defendants oppose Jefferson's motion, arguing that Jefferson is "essentially objecting to the Magistrate's Report and Recommendation" regarding their motion to dismiss and that the Court should deny Jefferson's motion as untimely. (Doc. No. 30, PageID# 251.)

On January 17, 2024, Jefferson filed a motion to compel discovery, asking the Court to "enter an order compelling Defendant[s] to answer and produce requested documents in their possession in response to [Jefferson's] First Requests for Production of Documents." (Doc. No. 31, PageID# 254.) Jefferson states that he "sent the Defendants a registered copy of his First Request for Production of Documents on October 30, 2023[,]" "in the same envelope as [his] . . . Amended Complaint (DE#27) . . . and [his] Motion to Ascertain Court Defined Protected Behavior in Cause of Action (DE#28) filed on October 30, 2023." (*Id.* at PageID# 255, 257.) He states that he "also sent a second inquiry by email on December 18, 2023, asking the Defendant[s] to respond" to his discovery requests "and begin working with [him]" "to start setting dates for [ ] depositions . . . ." (*Id.* at PageID# 255.) Jefferson lists twenty requests for documents and information in his motion to compel, including requests for the defendants' "complete employment file[s]" for eight specific employees. (*Id.* at PageID# 255–57, ¶¶ 1–20.) Jefferson states that, at the time he filed his motion, "the Defendant[s] ha[d] not responded with any objections to the request[s]." (*Id.* at PageID#257.) Jefferson attached an exhibit to his motion that contains copies of his email correspondence with the defendants' attorney on December 17 and 18, 2023. (Doc. No. 31.)

The defendants responded in opposition to Jefferson's motion to compel, arguing that he filed the motion prematurely—before their deadline to respond to his discovery requests had passed—and that Jefferson failed to comply with this Court's Local Rules requiring parties to confer in good faith to resolve discovery disputes before filing discovery motions and to attach a

joint discovery dispute statement to any such motions. (Doc. No. 32.) Specifically, the defendants argue that Jefferson served his requests on them via email on December 18, 2023; that, under Federal Rule of Civil Procedure 34(b)(2)(A), their deadline to respond to his discovery requests was January 17, 2024; that Jefferson filed his motion to compel on the morning of the date of the deadline; and that they "timely served their responses and objections to" his requests for production via email that evening. (*Id.* at PageID# 263.) The defendants further argue that Jefferson "did not confer with [their] counsel" before filing his motion; that his "only communication with [them] regarding his discovery requests—prior to [ ]his [m]otion—occurred when he served the underlying requests"; and that he "has not submitted a joint written statement as required by Local Rule 37.01(a)." (*Id.* at PageID# 264.) The defendants ask the Court to deny Jefferson's motion to compel and order him "to pay Defendants their reasonable attorneys' fees incurred in defending" against his motion. (*Id.* at PageID# 265.) In support of their response in opposition, the defendants attach the same emails from December 17 and 18, 2023, that Jefferson filed as an exhibit to his motion to compel (Doc. No. 32-1); an email that their attorneys sent to Jefferson on January 17, 2024, at 9:31p.m. stating, "Attached please find Defendants' Response to Plaintiff's Request for Production of Documents" (Doc. No. 32-2, PageID# 272); and an email response from Jefferson sent at 11:16 p.m. the same night stating, "Thank you for your response – please find the corrected version of questions – it will not change your objections which should be addressed in court and should finally produce an expected court order" (Doc. No. 32-3, PageID# 274).

Jefferson filed a reply in support of his motion to compel, arguing that he served his discovery requests on the defendants by mail on October 30, 2023, and then emailed them "a courtesy copy of the request[s]" on December 18, 2023. (Doc. No. 33, PageID# 278.) He states

5
Case 3:22-cv-00862    Document 41    Filed 05/14/24    Page 5 of 10 PageID #: 342

that the defendants' attorneys contacted him by email on January 17, 2023, after he filed his motion to compel, saying that "they believe[d] it was [filed] prematurely" because "they did not receive [his] request for Production of Documents until December 18, 2023, by email" and "ask[ing] for an additional two weeks to gather requested production documents." (*Id.* at PageID# 277.) Jefferson "did not agree" to the requested extension and asked the defendants "to respond to the motion [to compel] with their reasoning for responding so late and request the extension from the Court." (*Id.*) Jefferson states that the defendants "then sent [him] their response . . . [,]" which "objected to each question in [his] request for Production of Documents" based on the Court's "dismissal of [his] discrimination" claims. (*Id.* at PageID# 277, 279.) Jefferson attached excerpts of the defendants' discovery responses showing that, in response to Jefferson's requests for the "complete employment file[s]" of "John Webb[,]" "Anthony Whitehead[,]" and "Daniel Henry[,]" the defendants objected that the requests "seek[ ] information that is not relevant to the remaining claims or defenses of any party," among other grounds. (*Id.* at PageID# 287, 288.)

On March 4, 2024, Jefferson filed a motion to ascertain status asking the Court to "enter an order defining the state of the case." (Doc. No. 35, PageID# 292.) The defendants have not yet responded to Jefferson's motion.

## II.     Analysis

### A.     Jefferson's Motion to Compel

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would

be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

The scheduling order in this case provides that "[a]ll discovery motions must comply with the requirements of Federal Rule of Civil Procedure 37, Local Rule 37.01, and any other relevant rules." (Doc. No. 24, PageID# 196.) As the defendants point out, Local Rule 37.01 requires that, "before filing any motion to compel discovery . . . counsel for the parties must confer in good faith in an effort to resolve by agreement the issues raised." M.D. Tenn. R. 37.01(a) (good faith attempt at resolution). The scheduling order in this action similarly provides that, "[b]efore any motion related to a discovery dispute is filed, the parties must try in good faith to resolve the dispute independently." (Doc. No. 24, PageID# 196–97.) Under Local Rule 37.01, if the parties' good faith attempts do not resolve the discovery issues, "they must, in connection with any . . . discovery motion, file a joint discovery dispute statement: (1) detailing their attempt at resolution; (2) setting

forth exactly what discovery is in dispute (either by including the text of the discovery requests and responses or by attachment as exhibits); and, (3) detailing the parties' respective positions." M.D. Tenn. R. 37.01(b) (joint statement). Pro se parties are not exempt from these requirements. *See, e.g.*, *Rucker v. Lindamood*, Case No. 1:16-cv-00090, 2018 WL 11600265, at *1 (M.D. Tenn. June 28, 2018) ("This Court's Local Rule 37.01 sets out the requirements with which a party, even a pro se party, must comply in connection with filing a discovery motion[.]" (footnote omitted)).

Jefferson filed his motion to compel on the date the defendants believed their discovery responses to be due and before he received the defendants' responses. Jefferson has now received those responses. If he disputed the responses' adequacy or the propriety of any objections, Jefferson's remedy was to raise those issues to the defendants in the first instance and, if he and the defendants could not resolve their differences through good-faith negotiation, bring the substantive dispute to the Court in the form of a motion for a discovery dispute resolution conference. Jefferson's motion to compel will be denied without prejudice to allow the parties to engage in that process as further addressed below.

B. **Jefferson's Motion to Ascertain the Status of This Case**

Local Rule 7.01(c) provides that, "[a]t any time, . . . any *pro se* party may file a written motion inquiring as to the status of the case or to pending motions, and may include in said motion a statement of reasons why an expedited disposition of the case or motion is necessary or desirable." M.D. Tenn. R. 7.01(c) (motions to ascertain status of case). Jefferson's motion to ascertain the status of this case (Doc. No. 35) will be granted. The status of this case is as follows:

Jefferson's original complaint (Doc. No. 1), as modified by the Court's order dismissing Jefferson's discrimination claims (Doc. No. 23), remains the operative pleading in this action. Based on the procedural posture of this case, Jefferson is not entitled to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1). *See* Fed. R. Civ. P. 15(a)(1)(A)–(B) (providing

8

that "[a] party may amend its pleading once as a matter of course no later than" "21 days after serving it, or" "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). Jefferson did not move for or receive the Court's leave to amend his complaint under Rule 15(a)(2); there is no indication that the defendants consented in writing to Jefferson's purported amended complaint; and the defendants' purported answer to the amended complaint objects to Jefferson's attempts to replead his discrimination claims (Doc. No. 29). *See* Fed. R. Civ. P. 15(a)(2).

Because Jefferson did not have the Court's leave to file an amended complaint, the Court will direct the Clerk's Office to strike that pleading. The Court will also direct the Clerk's Office to strike Defendants' answer to the improperly filed amended complaint.

Jefferson's motion for reconsideration (Doc. No. 28) of the District Judge's order adopting the Magistrate Judge's report and recommendation remains pending.

On April 29, 2024, the parties filed a joint motion to extend the deadline to file dispositive motions until May 3, 2024, which the Court granted. (Doc. Nos. 36, 37.) On May 3, 2024, the defendants filed a motion for summary judgment. (Doc. No. 38.) Under the scheduling order, Jefferson's response is due to be filed 28 days after service of the motion.[2] Because Jefferson's motion to compel remained outstanding after the defendants filed their motion summary judgment, the Court will afford Jefferson an additional 28 days to file his response. This extension is provided to allow him to address this Order with the defendants' counsel. The parties may request a telephone conference with the Magistrate Judge if required.

---

[2] Federal Rule of Civil Procedure 6 provides Jefferson an additional three days if he was served by mail. Fed. R. Civ. P. 6(d).

### III. Conclusion

For these reasons, Jefferson's motion to compel (Doc. No. 31) is DENIED WITHOUT PREJUDICE, and his motion to ascertain status (Doc. No. 35) is GRANTED.

The Clerk of Court is DIRECTED TO STRIKE Jefferson's purported amended complaint (Doc. No. 27) and the defendants' purported answer to the amended complaint (Doc. No. 29) from the docket.

Jefferson's deadline to respond to the defendants' pending motion for summary judgment is EXTENDED by an additional 28 days.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge